UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRENDA L. DAVIS,<br><br>                Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>                Defendant. | CASE NO.   **C08-5604RJB**<br><br>REPORT AND RECOMMENDATION<br><br>Noted for March 27, 2009 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews, secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). This matter has been briefed, and after reviewing the record, the undersigned recommends that the Court remand the matter to the administration for further proceedings.

## INTRODUCTION

Plaintiff, Brenda Davis, was born in 1959. Ms. Davis completed high school and graduated from college with a four year degree. She has worked in the past as a realtor, caretaker, and as a counselor. She allegedly became disabled June 30, 2003, at 44 years of age.

Having been denied disability benefits twice earlier by the administration without appeal to the court, in September 2004, Plaintiff filed a third application for disability insurance benefits on October 4, 2004. Her application was denied initially. Plaintiff filed a timely request for an administrative hearing,

and on June 5, 2007, the administrative law judge (ALJ) convened a hearing.  At the hearing, the ALJ heard testimony from Plaintiff and from an impartial vocational expert, Mark Harrington.   The ALJ found Plaintiff was not disabled within the meaning of the Social Security Act (Tr. 13-24).  Plaintiff filed a request for review of the decision with the Appeals Council.  The Appeals Council denied the request for review, making the ALJ's decision the Commissioner's final decision (Tr. 3). 20 C.F.R. §§ 404.981, 422.210.

Plaintiff now seeks additional judicial review of the administrative decision denying her September 2004 application for disability benefits.  Plaintiff specifically argues: (1) the ALJ improperly evaluated Plaintiff's fibromyalgia; (2) the ALJ's evaluation of Davis's ability to use her hands for fine manipulation is not supported by substantial evidence; (3) ALJ improperly evaluated the opinions of non-examining state-agency psychologists Dr. Clifford and Dr. Collingwood; (4) the ALJ improperly evaluated the opinions of Agency examining psychiatrist Dr. Cosgrove; and (5) the ALJ improperly evaluated lay-witness statements.

Defendant counter-argues that the ALJ applied the proper legal standards and that the administrative findings and conclusions are properly supported by substantial evidence in the record.  The court notes, substantial time is spent by Defendant briefing whether or not the ALJ properly credited Plaintiff's credibility, which is not an issue directly raised by Plaintiff.  Nonetheless, the undersigned finds the ALJ made significant errors, as discussed below.  The matter should be remanded to the administration for further proceedings.

## DISCUSSION

This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985).  It is more than a scintilla but less than a preponderance.  Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991).  If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision.  Allen v. Heckler, 749 F.2d 577, 579 (9th

1 | Cir. 1984).

***THE ALJ FAILED TO PROPERLY ASSESS PLAINTIFF'S FIBROMYALGIA AND THE MEDICAL EVIDENCE***

The ALJ is entitled to resolve conflicts in the medical evidence. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). He may not, however, substitute his own opinion for that of qualified medical experts. Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982). If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). " The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996). In Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of a treating physician's opinion because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from the claimant that conflicted with the treating physician's opinion.

After reviewing the arguments and the record, the undersigned finds the ALJ's review of the medical evidence and his findings are not properly supported by the record.

First, in the context of evaluating Ms. Davis' allegations, the ALJ made the following statement, "She reported a pattern of fibromyalgia relapses occurring several times a week. **This appears to be atypical for that disease**." Tr. 20 (emphasis added). The ALJ's comment suggesting fibromyalgia does not normally exhibit relapses is not supported. The medical record does not reflect whether or not Ms. Davis' fibromyalgia is abnormal or within the typical range of the disease. Accordingly, the ALJ improperly interjected his own medical opinion into the record.

Second, the ALJ's rejection of examining physician Dr. Quint's opinion and non-examining state-agency physician Dr. Hoskins's opinion that Davis had a limited ability to perform fine manipulation is not properly supported by substantial evidence. The medical record reflects that Ms. Davis has mild osteoarthritis in her hands. Dr. Quint stated, "She has occasional manipulative limitations because of mild osteoarthritis in her hands and also discomfort from fibromyalgia, but she may have difficulty holding onto heavy objects." Tr. 298. Dr. Hoskins reported that Plaintiff's fine manipulation or fingering

skills were limited due to her impairments. Tr. 331. The ALJ failed to properly discredit this evidence and he failed to address this impairment as part of Plaintiff's residual functional capacity.

Third, the ALJ adopted or accepted the findings of the non-examining state-agency psychologists Dr. Clifford and Dr. Collingwood regarding Plaintiff's mental or non-exertional limitations. However, the ALJ's residual functional capacity and the hypothetical posed to the vocational expert do not accurately reflect those opinions. For instance, the psychologists opined that Ms. Davis is "able to adapt in a setting of simple, routine tasks **with little change in expectation**." Tr. 352 (emphasis added). The ALJ adopted this finding. Tr. 22. However, contrary to the opinion, the ALJ did not include this limitation in his assessment of Plaintiff's residual functional capacity or his hypothetical. The ALJ included Plaintiff's ability to adapt to a setting or simple, routine tasks, but failed to include that such an ability was limited " with little change in expectation."

On March 1, 2005, Dr. Cosgrove examined and evaluated Plaintiff's mental health. Dr. Cosgrove reported signs of psychomotor retardation, (Tr. 290), neurovegitative symptoms of depression (Tr. 292), and concluded Plaintiff's ability to maintain gainful employment was improbable. The ALJ rejected Dr. Cosgrove's opinion, "I discount that opinion, as the objective examination findings do not support that level of impairment, Dr. Cosgrove did not have a fully accurate picture of the claimant's functioning [footnote omitted] and she based her assessment on pain complaints in addition to psychiatric impairments." Tr. at 21. After reviewing the issue, the undersigned finds the ALJ failed to specify which "objective examination findings" he was relying upon.

In sum, the undersigned finds the ALJ erred when he commented on the status or type of Fibromyalgia presented in the case and failed to properly consider the medical opinion evidence as discussed above. The matter should be remanded to allow the administration the opportunity to cure these deficiencies and reconsider Plaintiff's application for disability benefits.

/ / / / / / / / / /
/ / / / / / / / / /
/ / / / / / / / / /
/ / / / / / / / / /
/ / / / / / / / / /

## CONCLUSION

Based on the foregoing discussion, the Court should affirm the Administration's final decision denying plaintiff's application for social security disability benefits. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 27,** as noted in the caption.

DATED this 3rd day of March, 2009.

       */s/ J. Kelley Arnold*
       J. Kelley Arnold
       U.S. Magistrate Judge